ACCEPTED
14-15-00258-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
7/10/2015 11:36:29 AM
CHRISTOPHER PRINE
CLERK

# IN THE COURT OF APPEALS
## FOURTEENTH SUPREME JUDICIAL DISTRICT
### HOUSTON, TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

7/10/2015 11:36:29 AM

CHRISTOPHER A. PRINE
Clerk

| | | |
|---|---|---|
| TOMMIE RAY LIMBRICK | } | |
| VS. | } | No. 14-15-00258-CR |
| THE STATE OF TEXAS | } | |

**APPELLANT'S SECOND AMENDED MOTION TO ABATE APPEAL AND REMAND FOR HEARING ON MOTION FOR NEW TRIAL AND REQUEST FOR PERMISSION TO FILE OUT OF TIME MOTION FOR NEW TRIAL.**

To the Court of Appeals, Fourteenth Judicial District:

Comes now TOMMIE RAY LIMBRICK, Defendant in the above cause, through his attorney of record, and files this Motion to Abate Appeal and Remand for Hearing on Motion for New Trial and for Permission to File out of Time Motion for New Trial, for the following reasons:

### I.

In the 263RD Judicial District Court, Harris County, Texas, in Cause No. 1389665, entitled *The State of Texas vs. TOMMIE RAY LIMBRICK,* the Appellant entered his plea of guilty on February 13, 2015, without an agreed recommendation. On February 17, 2015, after the Sentencing Hearing, the Appellant was convicted of the offense of aggravated sexual assault of a child by the Court and sentenced to 10 years T.D.C..

## II.

On   March 2, 2015, Mr. Limbrick filed his written Notice of Appeal, representing 1) that he was presently indigent and asking the Court to immediately appoint appellate counsel to him, 2) asking the court to order that a free record be provided to him, and 3) asking the court  to set bail.  Unfortunately, the judge failed to hold a hearing and failed to appoint appellate counsel.

## III.

On May 5, 2015, an Abatement Order was filed in the Fourteenth Court of Appeals, in No. 14-15-00258-CR, TOMMIE RAY LIMBRICK V. THE STATE OF TEXAS,   ordering the judge of the 263rd District Court to immediately conduct a hearing at which appellant was to participate to determine whether the appellant desired to prosecute the appeal and if so,   if the appellant was indigent and thus entitled to a free record and appointed counsel on appeal.

## IV.

On May 6, 2015, after a hearing was conducted, the Court found the defendant indigent and appointed undersigned counsel to represent Appellant on appeal.  (See attached Appointment of Counsel Form).  An Amended Notice of Appeal was filed May 13, 2015.

V.

The appellant's case, No. 14-15-00258-CR, TOMMIE RAY LIMBRICK V. THE STATE OF TEXAS, was reinstated on May 18, 2015. Appellant filed a Motion for New Trial in the trial court on June 15, 2015. (See attached file stamped Motion for New Trial). Appellant filed a Motion to Abate Appeal and Remand for Hearing on Motion for New Trial and for Permission to File out of Time Motion for New Trial on June 16, 2015, and a Motion for Extension of Time to File Brief on June 16, 2015.

VI.

A defendant has 30 days to file a motion for new trial after the Judge imposes sentence. *Tex. R. App.* 21.4(a). The Court of Criminal Appeals has determined "that the time for filing a motion for new trial is a critical stage of the proceedings, and that a defendant has a constitutional right to counsel during that period." *Cooks v. State*, 240 S.W. 3d 906, 911 (Tex.Cr. App. 2007).

VII.

Appellant was unrepresented during the entire 30 day period for filing a motion for new trial. Trial counsel did not file a motion to withdraw, but informed the appellant he would not represent him on appeal, and filed a Certification of Appeal which indicated that the appellant's case was a plea bargain case, and appellant had no right to appeal. (See attached Certification of Defendant's Right to Appeal). The

3

Court corrected the Certification of Appeal to show that the appellant's case was not a plea bargain case, (it was a plea without an agreed recommendation), and that the appellant had the right to appeal. Mr. Limbrick's affidavit confirms that trial counsel did not discuss potential issues for filing a motion for new trial with him. Appellate counsel was not appointed until after the 30 day period had expired. Therefore, clearly, Mr. Limbrick was deprived of counsel during this critical stage.

## VIII.

"This deprivation of counsel is subject to a harmless error or prejudice analysis." *Cook* at 911. To show harm, there must be "facially plausible claims" that could have been presented in a motion for new trial. *Id* at 912. Also see *Massingill v. State*, 8 S.W.3d 733 (Tex. App.-Austin 1999, pet.ref'd).

## XI.

In Mr. Limbrick's cases, the issue in a motion for new trial is ineffective assistance of counsel with regard to the guilty plea, which he requests be withdrawn, and the sentencing hearing, for the following reasons:

1) Defendant received ineffective assistance of counsel where defense counsel failed to adequately investigate the facts of the case prior to trial. The docket sheets indicate defendant had been represented by another attorney (Attorney "A.M.") for months until the day of trial, when trial counsel (Attorney "G.T.") first appeared on

4

the day of trial, February 13, 2015.

Trial counsel "G.T." informed defendant of "new evidence", (*i.e.*, blood in the complainant's underwear), on the day of trial, causing him to change his plea from not guilty to guilty and proceed to sentencing by the court. Trial counsel told the defendant that they could win the case set for trial, but in a few months, because of the "new evidence", the defendant could be back in court facing new charges.

According to the D.A., Mr. Stuart Tallichet, this evidence was not new.

The record reflects that during the sentencing hearing, the complainant testified she was not bleeding at all that day. (R.R.III.-52). Defense counsel made no motion to withdraw the plea upon hearing this testimony. Defendant's plea of guilty was not knowingly and voluntarily made if it is made as a result of ineffective assistance of counsel. *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980). Counsel must confer with the defendant sufficiently to prepare a defense and must conduct an independent investigation of the facts. *Ex Parte Marez*, 505 S.W.2d 930 (Tex. Crim. App. 1974).

2) Defendant received ineffective assistance of counsel where defense counsel promised the Defendant he would received Deferred Adjudication from the Court, but failed to file a sworn Motion for Probation. *May v. State*, 722 S.W.2d 699 (Tex. Crim. App. 1984); *Trevino v. State*, 752 S.W.2d 735 (Tex. App. – Eastland 1988, pet.

dism'd); *Ex parte Welch*, 981 S.W.2d 183 (Tex. Crim. App. 1998). (Although the Defendant was charged with Aggravated Sexual Assault of a Child under 14, and not eligible for probation from a jury, or the Court, the Court could have, after deferring a finding of guilt, placed the Defendant on Deferred Adjudication Probation, if the Court found it was in the best interest of the child. Tex. Code Crim. Proc. art. 42.12 sec.5 (2015). The Court's file did not show that a sworn motion for probation had been filed.

3) Defendant received ineffective assistance of counsel where trial counsel accepted the State's theory of the case, and summarized the evidence in a manner favorable to the State. *See Craig v. State*, 847 S.W. 2d 434 (Tex. App. – El Paso 1993, no pet.)

Trial counsel accepted the State's theory of the case and summarized the evidence in the following manner:

"... In the process of working this up, after receiving some Brady information last Thursday night, it became clear that the mistake that he made was not going to negate in the minds of 12 people the evidence presented by the State. I talked to him about this and he understood it, which surprised me and never denied – I think his exact words, Your Honor were that, Well, I put myself in this situation. I should have been more awake. . . . He didn't want to waste the Court's time or 12 or 13

6

members'. He didn't want to waste a week trying to say what we could say to you today." (R.R.III.-70).

Defense counsel accepted the State's theory of the case and summarized the evidence in a manner favorable to the State by arguing the strength of the State's evidence and concluding that a trial would have been a waste of the Court's or jury's time.

4) Defendant's plea was rendered unknowing and involuntary where trial counsel failed to adequately investigate the case and use an expert to present a defense and assist in the cross-examination of adverse witnesses. *Wright v. State*, 223 S.W.3d 36 (Tex. App. – Houston [1st Dist.] 2006, pet. ref'd). Research shows that custody disputes generate a high proportion of false allegations of sexual abuse.

The record reflects that at the sentencing hearing, the complainant testified that her father told her he would "love her more" if she got her stepdad to do something he wasn't supposed to do. (R.R.III-51). The complainant testified, "He kept – he would keep saying that he was going to do whatever he could to put my step dad in jail." (R.R.III-52). On cross-examination, the complainant explained that her dad told her what to say at the Children's Assessment Center. (R.R.III-55).

Although the record reflects the case was set for trial, the record reflects no subpoena was issued for a qualified expert, *i.e.*, a licensed psychologist, to assist

7

defendant's trial attorney in preparing a defense and assist in the cross-examination of adverse witnesses.

5) Counsel received ineffective assistance of counsel where counsel failed to adequately prepare the Defendant to testify. *Ex Parte Guzmon*, 730 S.W.2d 724 (Tex. Crim. App. 1987). The record reflects that the Defendant was not called to testify at sentencing, but when questioned by the Court, had difficulty responding. Defendant's conflict was due to the fact he was advised by defense counsel, not to explain, but to "own" the offense.

6) Defendant received ineffective assistance of counsel where counsel failed to adequately explain the law.

Counsel must advise the defendant how the law applies to the facts of the case to ensure that the guilty plea is knowing and voluntary. *Ex parte Morse*, 591 S.W. 2d 904 (Tex. Crim. App. 1980). Trial counsel failed to explain that the Defendant's defense was Mistake of Fact. Tex. Pen. Code Ch. 8 sec. 8.02. The Defendant initially believed he was groping his wife and was not advised that his mistaken belief negated the kind of culpability required for commission of the offense. The Defendant did not understand that lack of intent was a defense.

Defendant's guilty plea was rendered involuntary due to counsel's advice that the defendant "own" the offense, rather than explain what happened, because he

8

would win the case (*i.e.*, be granted deferred adjudication probation) by doing so. See attached Affidavit of Mr. Limbrick.

X.

Appellant request that his guilty plea be withdrawn.

XI.

The issue of ineffective assistance of counsel provides plausible grounds for a motion for new trial. In addition to providing information to the trial judge the Motion for New Trial is necessary to adduce these additional facts for purposes of presenting the issue on appeal. As a result, Mr. Limbrick was clearly prejudiced by the lack of counsel during the critical stage for filing a motion for new trial.

Wherefore premises considered, because of the total circumstances herein, Appellant requests that the Court abate the appeal and remand the case for a hearing on the motion for new trial and requests permission to file the motion for new trial outside of the time limitations.

9

Respectfully submitted,

/s/ Sharon Slopis

Sharon Slopis
P.O. Box 980803
Houston, Tx 77098
(713) 529-0771
TBN# 18511300

ATTORNEY FOR APPELLANT

**CERTIFICATE OF SERVICE**

I hereby certify that on    July 13, 2015,    a true and correct copy of the foregoing motion was tendered to the Clerk of the Court to be deposited in the box reserved for the Harris County District Attorney's Office.

/s/ Sharon Slopis

Sharon Slopis,

ATTORNEY   FOR THE APPELLANT

IN THE COURT OF APPEALS
FOURTEENTH SUPREME JUDICIAL DISTRICT
HOUSTON, TEXAS

TOMMIE RAY LIMBRICK                 }

VS.                                  }     No. 14-15-00258-CR

THE STATE OF TEXAS                  }

## ORDER

BE IT REMEMBERED, that on this day came to be heard the foregoing

Appellant's *Motion to Abate Appeal and Remand for Hearing on Motion for New Trial*

*and Request for Permission to File out of Time Motion for New Trial*. Appellant's

Motion is hereby:

_____ GRANTED

_____DENIED.

IT IS SO ORDERED.

Signed and entered this \_\_\_\_\_ day of _____, 2015 .

_____

JUDGE PRESIDING

11

Cause No. 1389665

| | | |
|---|---|---|
| THE STATE OF TEXAS | } | N THE DISTRICT COURT OF |
| VS. | } | HARRIS COUNTY, TEXAS |
| TOMMIE RAY LIMBRICK | } | 263rd DISTRICT COURT |

## AFFIDAVIT

COMES NOW TOMMIE RAY LIMBRICK, Defendant in the above cause who did state and depose the following:

## JURAT

My name is **TOMMIE RAY LIMBRICK**, my date of birth is <u>10/13/1967</u>, and my inmate identifying number is <u>02676805</u>. I am presently incarcerated in the Harris County Jail, in Houston, Texas, Harris County, 1200 Baker Street (JA09), 77002.

The allegations listed in the aforementioned Motion for New Trial are correct and true to the best of my knowledge. I was advised by Attorney George Tennant to "own" the offense, not to explain it. I was not advised by Mr. Tennant that lack of intent was a defense.

On the day of trial, Mr. Tennant told me there was new evidence, blood in my stepdaugher's underwear. I was shocked to hear this for the first time on the day of trial and Mr. Tennant explained to me that although we could win the case set for trial, because of the new evidence, I would be back in court, facing additional charges a few months later.

Mr. Tennant said that the prosecutor was giving me a one time offer of 5 to 10 on deferred adjudication probation, and that I would have to register as a lifetime sex offender.

I was in a state of shock and fear when I followed Mr. Tenant's advice and pled guilty. I was warned by Mr. Tennant that if I explained to the

12

judge that I thought it was my wife I grabbed because I was half asleep, and that I had no intention of sexually grabbing my stepdaughter, the judge would consider it a denial of guilt and would not grant me probation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 27th day of May, 2015.

/s/Tommie Limbrick

Declarant,
TOMMIE RAY LIMBRICK,
Defendant

13

# PAUPER'S OATH ON APPEAL

CAUSE NO.: 1389665

OFFENSE: Agg Sex Assll child

THE STATE OF TEXAS

_____ DISTRICT COURT

VS.

OF

Tommie Limbrick

HARRIS COUNTY, TEXAS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES _____Tommie Limbrick_____, defendant in the above styled and numbered cause, and states under oath that he is without funds, property or income. The defendant respectfully petitions the court to: (check all that apply)

☒     Appoint appellate counsel to represent him.

☐     Asks the court to order that a free record be provided to him.

_____
DEFENDANT

SUBSCRIBED AND SWORN to before me, this_____day of_____A.D., 20_____.

_____
DEPUTY DISTRICT CLERK
DISTRICT COURT
HARRIS COUNTY, TEXAS

(5/6/2015)

## ORDER

On _____ the court conducted a hearing and found that the defendant is indigent.

☒     The court orders that ____Sharon Slopis____ is appointed to represent defendant/appellant on appeal.

☒     The court reporter is ordered to prepare and file the reporter's record without charge to the defendant/appellant.

It is further ordered that the clerk of this court mail a copy of the order to the court reporter: _____, by certified mail return receipt requested.

_____
JUDGE PRESIDING
DISTRICT COURT
HARRIS COUNTY, TEXAS

## AFFIRMATION

I, ____SHARON SLOPIS____, Attorney at Law, swear or affirm that I will be sole responsible for writing a brief and representing the appellant on appeal. If I am not able to preform m duties as appellate counsel, I will notify the court immediately so that the court may take t appropriate action as deemed necessary.

Cause No. 1389665

| | | |
|---|---|---|
| THE STATE OF TEXAS | } | IN THE DISTRICT COURT OF |
| VS. | } | HARRIS COUNTY, TEXAS |
| TOMMIE RAY LIMBRICK | } | 263rd DISTRICT COURT |

## MOTION FOR NEW TRIAL

Comes now TOMMIE RAY LIMBRICK, Defendant in the above cause, through his attorney of record, and files this Motion for New Trial herein. In support thereof, Defendant would show unto the Court that the he is entitled to a new trial for the following reasons:

1) Defendant received ineffective assistance of counsel where defense counsel failed to adequately investigate the facts of the case prior to trial. Trial counsel informed defendant of "new evidence", (*i.e.*, blood in the complainant's underwear), on the day of trial, causing him to change his plea from not guilty to guilty and proceed to sentencing by the court. Trial counsel told the defendant that they could win the case set for trial, but in a few months, because of the "new evidence", the defendant could be back in court facing new charges.

According to the D.A., Mr. Stuart Tallichet, this evidence was not new.

The record reflects that during the sentencing hearing, the complainant testified she was not bleeding at all that day. (R.R.III.-52). Defense counsel made no motion to withdraw the plea upon hearing this testimony. Defendant's plea of guilty was not knowingly and voluntarily made if it is made as a result of ineffective assistance of counsel. *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980). Counsel must confer with the defendant sufficiently to prepare a defense and must conduct an independent investigation of the facts. *Ex Parte Marez*, 505 S.W.2d 930 (Tex. Crim. App. 1974).

2) Defendant received ineffective assistance of counsel where defense counsel promised the Defendant he would received Deferred Adjudication from the Court, but failed to file a sworn Motion for Probation. *May v. State*, 722 S.W.2d 699 (Tex. Crim. App. 1984); *Trevino v. State*, 752 S.W.2d 735 (Tex. App. – Eastland 1988, pet. dism'd); *Ex parte Welch*, 981 S.W.2d 183 (Tex. Crim. App. 1998). (Although the Defendant was charged with Aggravated Sexual Assault of a Child under 14, and not eligible for probation from a jury, or the Court, the Court could have, after deferring a finding of guilt, placed the Defendant on Deferred Adjudication Probation, if the Court found it was in the best interest of the child. Tex. Code Crim. Proc. art. 42.12 sec.5 (2015). The Court's file did not show that a sworn motion for probation had been filed.

3) Defendant received ineffective assistance of counsel where trial counsel accepted the State's theory of the case, and summarized the evidence in a manner favorable to the State. *See Craig v. State*, 847 S.W. 2d 434 (Tex. App. – El Paso 1993, no pet.)

Trial counsel accepted the State's theory of the case and summarized the evidence in the following manner:

". . . In the process of working this up, after receiving some Brady information last Thursday night, it became clear that the mistake that he made was not going to negate in the minds of 12 people the evidence presented by the State. I talked to him about this and he understood it, which surprised me and never denied – I think his exact words, Your Honor were that, Well, I put myself in this situation. I should have been more awake. . . . He didn't want to waste the Court's time or 12 or 13 members'. He didn't want to waste a week trying to say what we could say to you today." (R.R.III.-70).

Defense counsel accepted the State's theory of the case and summarized the evidence in a manner favorable to the State by arguing the strength of the State's evidence and concluding that a trial would have been a waste of the Court's or jury's time.

4) Defendant's plea was rendered unknowing and involuntary where trial counsel failed to adequately investigate the case and use an expert to present a defense and assist in the cross-examination of adverse witnesses. *Wright v. State*, 223 S.W.3d 36 (Tex. App. – Houston [1st Dist.] 2006, pet. ref'd). Research shows that custody disputes generate a high proportion of false allegations of sexual abuse.

The record reflects that at the sentencing hearing, the complainant testified that her father told her he would "love her more" if she got her stepdad to do something he wasn't supposed to do. (R.R.III-51). The complainant testified, "He kept – he would keep saying that he was going to do whatever he could to put my step dad in jail." (R.R.III-52). On cross-examination, the complainant explained that her dad told her what to say at the Children's Assessment Center. (R.R.III-55).

Although the record reflects the case was set for trial, the record reflects no subpoena was issued for a qualified expert, *i.e.*, a licensed psychologist, to assist defendant's trial attorney in preparing a defense and assist in the cross-examination of adverse witnesses.

5) Counsel received ineffective assistance of counsel where counsel failed to adequately prepare the Defendant to testify. *Ex Parte Guzmon*, 730 S.W.2d 724 (Tex. Crim. App. 1987). The record reflects that the Defendant was not called to testify at sentencing, but when questioned by the Court, had difficulty responding. Defendant's conflict was due to the fact he was advised by defense counsel, not to explain, but to "own" the offense.

6) Defendant received ineffective assistance of counsel where counsel failed to adequately explain the law.

Counsel must advise the defendant how the law applies to the facts of the case to ensure that the guilty plea is knowing and voluntary. *Ex parte Morse*, 591 S.W. 2d 904 (Tex. Crim. App. 1980). Trial counsel failed to explain that the Defendant's defense was Mistake of Fact. Tex. Pen. Code Ch. 8 sec. 8.02. The Defendant initially believed he was groping his wife and was not advised that his mistaken belief negated the kind of culpability required for commission of the offense. The Defendant did not understand that lack of intent was a defense.

Defendant's guilty plea was rendered involuntary due to counsel's advice that the defendant "own" the offense, rather than explain what happened, because he would win the case (*i.e.*, be granted deferred adjudication probation) by doing so.

Defendant respectfully requests that he be allowed to withdraw his plea of guilty.

Wherefore premises considered, because of the total circumstances herein, Defendant prays for a New Trial.

Respectfully submitted,

SHARON E. SLOPIS,
T.B.N.:18511300
P.O. BOX 980803
Houston, Texas 77098
(713) 529-0771

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of June, 2015, a true and correct copy of the foregoing Motion was hand delivered to the office of the Assistant District Attorney assigned to handle this case.

*Sharon Slopis*

SHARON E. SLOPIS

Cause No. 1389665

THE STATE OF TEXAS } N THE DISTRICT COURT OF

VS. } HARRIS COUNTY, TEXAS

TOMMIE RAY LIMBRICK } 263rd DISTRICT COURT

**AFFIDAVIT**

COMES NOW TOMMIE RAY LIMBRICK, Defendant in the above cause who did state and depose the following:

JURAT

My name is **TOMMIE RAY LIMBRICK**, my date of birth is 10/13/1967, and my inmate identifying number is 02676805. I am presently incarcerated in the Harris County Jail, in Houston, Texas, Harris County, 1200 Baker Street (JA09), 77002.

The allegations listed in the aforementioned Motion for New Trial are correct and true to the best of my knowledge. I was advised by Attorney George Tennant to "own" the offense, not to explain it. I was not advised by Mr. Tennant that lack of intent was a defense.

On the day of trial, Mr. Tennant told me there was new evidence, blood in my stepdaugher's underwear. I was shocked to hear this for the first time on the day of trial and Mr. Tennant explained to me that although we could win the case set for trial, because of the new evidence, I would be back in court, facing additional charges a few months later.

Mr. Tennant said that the prosecutor was giving me a one time offer of 5 to 10 on deferred adjudication probation, and that I would have to register as a lifetime sex offender.

I was in a state of shock and fear when I followed Mr. Tennant's advice and pled guilty. I was warned by Mr. Tennant that if I explained to the judge that I thought it was my wife I grabbed because I was half asleep, and that I had no intention of sexually grabbing my stepdaughter, the judge would consider it a denial of guilt and would not grant me probation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the _27th_ day of May, 2015.

_____

Declarant,
TOMMIE RAY LIMBRICK,
Defendant

Cause No. 1389665

| THE STATE OF TEXAS | } | IN THE DISTRICT COURT OF |
| VS. | } | HARRIS COUNTY, TEXAS |
| TOMMIE RAY LIMBRICK | } | 263rd    DISTRICT COURT |

## ORDER

BE IT REMEMBERED, that on this day Counsel for Defendant presented the foregoing

Motion for New Trial, and the Court having considered the same, it is hereby ORDERED that the

Clerk of this Court is directed to mail a copy of this attached ORDER and Motion for New Trial to:

Mr. George "William" Tennant, Jr.,  Attorney at Law
TBN: 24042016
723 Main Street, Suite 704
Houston, Tx 77002
(281) 946-8042

This request is:  GRANTED.

It is so ORDERED.


Signed this _____ day of _____, 2015.


_____

JUDGE PRESIDING

 

Cause No. 1389665

THE STATE OF TEXAS

v.

Tonnie Cimbrick Defendant

IN THE 263 DISTRICT COURT

COUNTY CRIMINAL COURT AT LAW NO. _____

HARRIS COUNTY, TEXAS

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL*

I, judge of the trial court, certify this criminal case:

☐    is not a plea-bargain case, and the defendant has the right of appeal. [or]

☐    is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial, and not withdrawn or waived, and the defendant has the right of appeal. [or]

☐    is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal. [or]

☑    is a plea-bargain case, and the defendant has NO right of appeal. [or]

☐    the defendant has waived the right of appeal.

_____     2-13-15

Judge                    Date Signed

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals's judgment and opinion to my last known address and that I have only 30 days in which to file a *pro se* petition for discretionary review in the Court of Criminal Appeals. TEX. R. APP. P. 68.2 I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

Defendant      Houston Tx 77084      Defendant's Counsel

Mailing Address: P.O Box 41253     State Bar of Texas ID number: 24031377

Telephone number: 832-782 226-7000     Mailing Address: 2500 Citywest #300, Hou, TX 77042

Fax number (if any): _____     Telephone number: 7135504333

FILED
Chris Daniel
District Clerk
FEB 13 2015

Fax number (if any): 8885033716

* "A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case-that is, a case in which a defendant's plea was guilty or *nolo contendere* and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant - a defendant may appeal only: (A) those matters that were raised by a written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEXAS RULES OF APPELLATE PROCEDURE 25.2(a)(2).